UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | |
|---|---|---|
| LARRY M. GRIGSBY #310908 | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-356 |
| | ) | |
| SHERIFF WAYNE ANDERSON; | ) | |
| MAJOR BRENDA HENSLY; DR. DAN | ) | |
| PAUL; HEALTH ADM'R CAROLINE | ) | |
| CULBERTSON; NURSE PENNY L/N/U; | ) | |
| and NURSE CHERYL L/N/U | ) | |

## **MEMORANDUM and ORDER**

Larry M. Grigsby, a prisoner in the Sullivan County Detention Center (SCDC),[1] brings this *pro se* civil rights case for damages and other types of relief under 42 U.S.C. § 1983, alleging that he is being denied medical care and (inferentially) constitutionally adequate housing conditions. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[2] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account

---

[1] The plaintiff has notified the court that, since the case was filed, he has been transferred to the Northeast Correctional Complex in Mountain City, Tennessee. (Doc. 5).

[2] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

> (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;
>
> or
>
> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[3]  *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, and to Quenton L. White, Commissioner of the Tennessee Department of Correction (TDOC), to ensure compliance with the above fee-assessment

---

[3] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

procedures.

In his form complaint, the plaintiff alleges multiple claims. In the first one, he contends that he suffers from blood clots in his legs, which are life-threatening; that the cardiologist advised him to stay up and keep moving to avoid developing additional clots; that his movement is restricted by virtue of the cold temperature in the facility, which forces all SCDC inmates to remain under the bedcovers in their bunks; that he receives, perhaps, one hour per week of outdoor exercise; and that, despite his problem with blood clots and the lack of opportunity to move around, the facility doctor refuses to transfer him to TDOC's Special Needs Unit.

The plaintiff's second claim is that he had a 7-month recuperation period from having an infected kidney removed on September 3rd; that his lower back is extremely painful and not yet healed from the surgery; and that the facility doctor denied his request for a second mattress on which to sleep.

The plaintiff's third claim is that he fell at the SCDC and re-injured his left arm (the arm was injured, initially, on the day before his arrest) and that, when he asked for treatment for his arm, including X-rays, he was given no medical attention. When he finally saw Dr. Paul, he recommended that the plaintiff purchase medication from the commissary, but the plaintiff has yet to receive any

3

medical care for his arm.

His fourth claim is that his chronic arthritis is spreading as a result of lying in the cold on his bunk for seven months. Despite his worsening arthritic condition, he has been unable to obtain a transfer to the Special Needs Unit because he is told that "it is against jail policy."

In his fifth claim, he alleges that he must catheterize himself daily and that he has been supplied with KY Lubricant every day and a catheter every other day, but last week was told by defendant Health Administrator Culbertson that, for financial reasons, those supplies would be discontinued. Dr. Paul refused to order single packets of catheters, which are sterile, for the plaintiff's use. Instead, the plaintiff is offered a large tube that rests in a pill cup on the medicine cart to use as a catheter. The lack of a sterile catheter subjects his surviving kidney to a risk of infection.

His next claim is that Dr. Paul has informed him that, due to financial constraints, the SCDC will no longer supply the plaintiff with Avantia, the medication he uses to treat his diabetes. The plaintiff fears that if the SCDC cannot afford Avantia, it may not be able to afford other medications he takes to control his blood sugar level and to thin his blood. Also, as a diabetic, the plaintiff is supposed to eat two meals a day and to have a snack to boost his blood sugar level. The

4

Health Administrator has informed the plaintiff that he will not receive the snack, even though he needs a snack to maintain his blood sugar level since a low blood sugar level can result in a life-threatening coma.

In his last two claims, he asserts that Dr. Paul and the Health Administrator are refusing to afford him necessary treatment for his neuropathy (numbness in both feet and hands) and that the Health Administrator and the nurses have bad attitudes and have refused to render proper treatment to inmates with serious medical problems. Because of this and because Dr. Paul lives 50 miles away, the plaintiff fears that, if he has a medical emergency, he will receive little or no treatment for whatever condition prompts the emergency.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning every single claim stated in the complaint, *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), as to each defendant associated with the claims. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

Exhaustion is mandatory, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and a district court must enforce this requirement *sua sponte*. *Brown*, 139 F.3d at

5

1104. A prisoner's subjective belief that it would be futile to present the facts underlying his federal claims through a grievance procedure is insufficient to satisfy § 1997e's exhaustion requirement. *Boyd v. Corrections Corporation of America*, 380 F.3d 989, 998 (6th Cir. 2004) (prisoner's allegation that, if he had filed a grievance, prison officials would not have responded does not excuse his failure to exhaust). A prisoner bears the burden of showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104.

In this case, the plaintiff maintains, in section II of his form complaint, that the SCDC has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because "the grievance procedure is flawed. Inmates are not given [a] receipt for [a] grievance; and they [the grievances?] are never heard from." The mere fact that other inmates may have filed a grievance and did not receive a response does not justify <u>the plaintiff's</u> failure to exhaust the claims asserted in <u>his</u> complaint. *Id.* Put simply, there is no "futility" exception written into § 1997e's requirement that prisoners administratively exhaust their claims before raising them in a federal lawsuit.

Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to each claim raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this

6

action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

ENTER:

                                            s/Thomas Gray Hull
                                            THOMAS GRAY HULL
                                               SENIOR U. S. DISTRICT JUDGE